UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

                                  Case No. 1:11:CR:335

v.

                                  HON. GORDON J. QUIST

DAVID WILSON McQUEEN,

      Defendant.

_____/

## ORDER GRANTING MOTION FOR ORDER AUTHORIZING RELEASE OF INFORMATION SUBJECT TO ATTORNEY-CLIENT PRIVILEGE

The government has moved for an order authorizing the release of information subject to the attorney-client privilege maintained by attorney Ron Geffner and his firm of Sadis & Goldberg LLP. (Dkt. # 163.)  The government seeks to obtain this information for its trial preparation because Defendants McQueen and Francke have indicated that they intend to rely, in part, on an advice of counsel defense.

Defendant Francke has responded to the motion, conceding that he did not have an attorney-client relationship with attorney Geffner.  (Dkt. # 181.)  Defendant McQueen has filed an untimely sealed response,[1] in which he asserts that the government's motion should be denied.

The government requests that the court hold that Defendant McQueen has waived the attorney-client privilege as to all issues of representation that are relevant to this case by asserting an advice of counsel defense.  A client may intentionally waive the attorney-client privilege

---

[1]The government filed its motion on October 28, 2013.  Under Western District of Michigan Local Rule of Criminal Procedure 47.2(c), Defendant McQueen had fourteen days after service to respond to the government's motion. However, Defendant McQueen did not file his response until December 6, 2013.

regarding relevant communications by intentionally disclosing privileged information, such as by raising the defense of good faith reliance on the advice of counsel. *United States v. Moazzeni*, 906 F. Supp. 2d 505, 512 (E.D. Va. 2012) (citing *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994)).  "[L]itigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. [T]he attorney-client privilege cannot at once be used as a shield and a sword." *In re Lott*, 424 F.2d 446, 454 (6th Cir. 2005) (internal quotation marks omitted) (second alteration in original).

For the communications with attorney Geffner to come within the scope of the waiver created by reliance on the advice of counsel defense: (1) the waiver must have been intentional; (2) the disclosed and undisclosed communications or information must concern the same subject matter; and (3) the disclosed and undisclosed communications ought in fairness be considered together. Fed. R. Evid. 502(a).  Based on the parties' filings, the Court concludes that the advice attorney Geffner provided to Defendant McQueen is properly within the scope of the waiver created by Defendant McQueen's advice of counsel defense.  Here, it appears undisputed that attorney Geffner advised Defendant McQueen on the same or closely-related legal issues on which the other attorneys, as to whom Defendant McQueen has already waived the attorney-client privilege, advised Defendant McQueen.  Given Defendant McQueen's reliance on advice given by other attorneys, it would be unfair to allow him to assert an advice of counsel defense but at the same time shield attorney Geffner's advice from the government. *See Ross v. City of Memphis*, 423 F.3d 596, 605 (6th Cir. 2005) ("Crews certainly could not assert that he relied on privileged communications and then hide behind the privilege, if he ever had it.")  Therefore,

**IT IS HEREBY ORDERED** that the Government's Motion For Order Authorizing Release Of Information Subject To Attorney-Client Privilege (dkt. # 163) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants have waived the attorney-client privilege as to communications by and with attorney Ron Geffner of Sadis & Goldberg LLP pertaining to investments, securities, and the registration, sale and/or composition thereof.

**IT IS FURTHER ORDERED** that Mr. Geffner and Sadis & Goldberg LLP shall respond to trial subpoenas in this case, including providing requested documents to the parties prior to trial.

Dated:  December 19, 2013                                   _____/s/ Gordon J. Quist_____
                                                                                GORDON J. QUIST
                                                                                UNITED STATES DISTRICT JUDGE